UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOVAN JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK & CO.,<br><br>    Defendant. | No.: 08 cv 2951<br><br>Honorable Harry D. Leinenweber<br><br>Magistrate Judge Cox |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Sears, Roebuck and Co. ("Sears Roebuck") respectfully submits this memorandum of law in support of its Motion to Dismiss plaintiff Jovan Jones's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiff Jovan Jones purports to bring this putative nationwide class action against Sears Roebuck arising out of her purchase of a clothes dryer and her alleged contract with Sears Roebuck to hook up that dryer with a vent in her Indiana home. Specifically, Jones alleges that the wrong vent was hooked up and, as a result, she has been subjected to an increased fire risk and possible cancellation of her dryer's warranty. Despite these allegations, her Complaint belies the existence of her claimed injuries and plainly shows that she has not pled a single, viable legal claim.

First, plaintiff does not sufficiently allege a claim for breach of contract, as she has not pled an essential element of such a claim: that she has sustained any injury resulting from the alleged breach of contract. Her pleadings and attachments to her Complaint contravene her

claimed "injuries." Jones nowhere alleges that there has been a fire in her home – let alone one attributable to the dryer and vent at issue. And Jones has sustained no injury vis-à-vis the dryer's warranty because the warranty expired four months before she filed her Complaint. Moreover, even if Jones had adequately pled a claim for breach of contract, she would not be entitled to specific performance. As Jones asserts that the alleged contract was completed in January 2007, she is thus not entitled, as a matter of law, to the remedy of specific-performance.

Second, because Jones affirmatively pleads the existence of an agreement with Sears Roebuck, her claims premised on theories of unjust enrichment and money had and received cannot proceed.

Finally, Jones's claim for injunctive relief should be dismissed both because she lacks standing to pursue such relief and because she has not pled that she will suffer irreparable harm if no injunction issues.

## FACTUAL BACKGROUND[1]

Plaintiff Jovan Jones is a resident of Indiana. (Compl. ¶ 18.) On January 12, 2007, Jones went into a "Sears retail store" (the "Store") in Lebanon, Indiana and purchased a new dryer. (*Id.* ¶¶ 18, 23.) At the time of purchase, Jones also paid the Store for delivery and hookup of the dryer. (*Id.* ¶ 23.)[2] A short time later, Jones took delivery of the dryer and the dryer was hooked

---

[1]   The facts set forth below are taken from the Complaint, because on a motion to dismiss the Court "must accept all well-pled facts in plaintiff['s] complaint as true." *Protect Marriage Ill. v. Orr*, 458 F. Supp. 2d 562, 567 (N.D. Ill. 2006). However, Sears Roebuck reserves the right to challenge, if necessary, any of the facts set forth herein at a later date.

[2]   Plaintiff conclusorily alleges that her "contract" for delivery and hook up is in the form of Exhibit A to her Complaint, making these allegations on "information and belief." (Compl. ¶ 11.) This is wholly improper. A plaintiff cannot allege a fact on "information and belief" when that fact – like the form and contents of plaintiff's own contract – are something within the plaintiff's knowledge. *See Oil Express Nat'l, Inc. v. Burgstone*, No. 96 C 4816, 1996 WL 666698, at * 7 (N.D. Ill. Nov. 14, 1996) (dismissing claim where plaintiffs alleged, on

up to her Indiana residence. (*See id.* ¶ 24.) Plaintiff now complains that the proper vent was not used in hooking up the dryer. More specifically, she claims that when she inspected her dryer on April 30, 2008 – well over a year after purchasing it – she discovered the vent was not one "mandated" by the manufacturer. (*Id.* ¶¶ 24-26.)

On May 21, 2008, Plaintiff filed this putative nationwide class action in this Court, seeking monetary and injunctive relief.

## ARGUMENT

**I.     INDIANA LAW GOVERNS JONES'S PURPORTED CLAIMS**

Jones purports to plead several common law and equitable claims: breach of contract, unjust enrichment, money had and received, and injunctive relief.[3] All those claims, however, arise out of Plaintiff's alleged contract to deliver and hook up her dryer. (*See* Compl. ¶ 23.) Contract claims are governed by the law of the state with the "most significant relationship" to the transaction. *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004) (under Illinois law, "the contacts relevant to the choice-of-law decision include the place of contracting, negotiation, performance, location of the subject matter of the contract, and the domicile, residence, place of incorporation, and business of the parties") (internal quotations and citation omitted). Unjust enrichment claims sound in restitution and Illinois applies a similar "significant relationship" test

---

Continued from previous page

information and belief, facts about their own contracts at issue); *HWB, Inc. v. Braner, Inc.*, No. 92 C 5900, 1993 WL 389346, * 2 (N.D. Ill. Sept. 30, 1993) (same). Therefore, Jones's allegations relating to Exhibit A being her "contract" should be stricken from her Complaint.

[3]     Because this is a motion to dismiss, the focus is solely on the claims as they relate to the named plaintiff, not to any putative class member. *See McKenzie v. City of Chicago,* 118 F.3d 552, 555 (7th Cir. 1997) (reversing entry of a permanent injunction because, prior to certification of a class, "the only interests at stake are those of the named plaintiffs"); s*ee also Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998) (affirming dismissal of class action complaint where class representative lacked standing).

to claims for restitution. *See First Wisc. Trust Co. v. Schroud*, 916 F.2d 394, 398 (7th Cir. 1990) (relevant factors include the place where the relationship of the parties was centered, the alleged enrichment was received, the act conferring the alleged enrichment was done, the domicile, residence, place of incorporation and business of the parties, and the place where a physical thing substantially related to the alleged enrichment was located at the time of the enrichment). Thus, the same analysis applies to this claim as to Plaintiff's contract claim.

Here, Plaintiff's factual allegations show that Indiana has the most significant relationship: Plaintiff purchased the dryer and entered into the alleged contract at the Store in Lebanon, Indiana (Compl. ¶ 23) and the dryer and vent are located in and hooked up to Plaintiff's residence in Indiana. (*See id.* ¶ 18.) Because Indiana has the "most significant relationship" with the installation of Plaintiff's dryer, Indiana law governs her claims relating to that installation.

## II.     JONES DOES NOT PLEAD A VIABLE BREACH OF CONTRACT CLAIM

In Counts I and II, Jones alleges breach of contract seeking damages and specific performance, respectively. Both counts should be dismissed, however, because plaintiff fails to plead any viable claim for breach of contract, let alone an entitlement to specific performance.

### A.     Jones Did Not Sustain Any Injury From The Alleged Breach.

Jones fails to plead a viable breach of contract because she fails to allege that she has sustained any injury. To successfully plead a breach of contract claim, a plaintiff must allege each of the following elements: (i) the existence of a valid enforceable contract; (ii) defendant's breach; and (iii) resulting injury to plaintiff. *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). Jones alleges to plead that she has suffered two types of injuries resulting from the alleged breach: (i) a risk of fire from the vent currently in place and (ii) risk of voiding the

manufacturer's warranty. As a matter of law neither is a sufficient injury to sustain a breach of contract claim.

First, nowhere does Jones plead that she has actually suffered a fire in her home – let alone one that she attributes to the metal foil vent at issue. Indeed, while she vaguely pleads that the use of that vent poses a risk of fire and quotes news reports about supposedly dryer-related fires, she nowhere pleads any facts supporting her claimed risk of fire. Even if she did, plaintiff's assertions amount to nothing more than a "no injury" product liability claim of the sort that courts routinely dismiss. *See, e.g.*, *O'Neil v. Simplicity, Inc.,* No. Civ No. 07-4070, 2008 WL 2042609, at *4-5 (D. Minn. May 12, 2008) ("It is simply not enough for plaintiff to allege that a product defect suffered by others renders his or her use of the same product unsafe"); *Verb v. Motorola, Inc.*, 284 Ill. App. 3d 460, 472 (1st Dist. 1996) (dismissing claims because "plaintiffs' future personal injury and damages claims constitute conjecture and speculation") (internal quotations omitted); *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 240 (Wis. 2004) (the mere "propensity" for product failure not enough to constitute cognizable damages); s*ee also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1017 (7th Cir. 2002) (noting in context of denying certification of class asserting class, relating to allegedly defective tires, that most states will not entertain risk of failure claims).

Second, Jones's pleadings and exhibits to her complaint demonstrate that she has suffered no injury vis-à-vis her dryer manufacturer's warranty. Jones alleges that she purchased her dryer on January 12, 2007. (Compl. ¶ 23.) She further alleges that the dryer manufacturer provided a written warranty, a copy of which she attached as Exhibit D to her Complaint. (*Id.* ¶ 27.) Under that express limited warranty, the manufacturer will provide free repair "if this appliance fails due to a defect in material or workmanship within one year from the date of

purchase." (*Id.* Ex. D)  Accordingly, even if these facts somehow involve a warranty, Jones's warranty expired on or about January 12, 2008.  Plaintiff did not, however, file her complaint until May 21, 2008 – over four months after her warranty expired.  She therefore has not and cannot suffer any injury for cancellation of her already-expired warranty.

In sum, Jones has not pled any injury resulting from the alleged breach of contract, and therefore her claims for breach of contract should be dismissed.

### B. Jones Is Not Entitled To Specific Performance.

Even if Jones could somehow plead a claim for breach of contract, she still would not be entitled to specific performance.  Indiana law establishes that "the equitable remedy of specific performance is not available as a matter of right."  *Kesler v. Marshall*, 792 N.E.2d 893, 896 (Ind. Ct. App. 2003).  In other words, specific performance is not available when a plaintiff has an adequate remedy at law (i.e. money damages).  *Id.* at 897. As demonstrated above, however, Jones has not sufficiently pled a breach of contract claim.  Even Jones had pled such a claim, she nowhere alleges that money damages would not be an adequate remedy for that alleged breach of contract.  Consequently, Count II should be dismissed.

### III. BECAUSE JONES PLEADS THAT SHE HAS A CONTRACT WITH SEARS ROEBUCK, SHE CANNOT HAVE, AS A MATTER OF LAW, A CLAIM FOR UNJUST ENRICHMENT OR MONEY HAD AND RECEIVED

Jones has pled herself out of asserting claims for unjust enrichment and money had and received.  Jones alleges that she "contracted with Sears for a 'professional' installation of the Dryer." (Compl. ¶ 23), and she incorporates that allegation into her Counts III and IV for unjust enrichment and money had and received.  (*See id.* ¶ 65 (incorporating "the allegation in the preceding paragraphs"; ¶ 75 (same).)  It is fundamental that where a person alleges that she has a contractual relationship, she cannot also assert a claim for unjust enrichment.  *See DiMizio v. Romo*, 756 N.E.2d 1018, 1025 (Ind. Ct. App. 2001) (unjust enrichment claim available only

when there is no express contract).  Jones likewise cannot assert a claim for money had and received because "[t]here is no question that the existence of an express contract precludes recovery on the equitable theory of money had and received."  *Shelby Eng'g Co. v. Action Steel Supply, Inc.*, 707 N.E.2d 1026, 1028 (Ind. Ct. App. 1999).  In short, the unjust enrichment and money had and received counts of Jones's Complaint should be dismissed.

### IV.     JONES IS NOT ENTITLED TO INJUNCTIVE RELIEF

Jones alleges in Count V that she is entitled to injunctive relief, specifically an injunction "prohibiting Sears from continuing to engage in practices alleged herein [i.e. installation of foil vents]."  (Compl. ¶ 89.)  This Count should be dismissed because Jones lacks standing to seek such an injunction and she has not pled that she is entitled to such injunctive relief.

First, Jones does not have standing to seek her proposed injunction because, as discussed above, she is not entitled to any form of injunctive relief under her now completed contract.  Jones nowhere pleads that she would benefit from any future relief regarding Sears Roebuck's alleged conduct.  Nor can Jones plead that she currently has a contract with Sears Roebuck to hook-up a dryer; or that she has any continuing relationship with Sears Roebuck.  As such, she has no standing to seek to enjoin Sears Roebuck's future conduct.  *See Daley v. Gorajec*, No. 1:06-cv-1493-JDT-WTL, 2007 WL 2286132, at *6 (S.D. Ind. Aug. 7, 2007) (violation plaintiff seeks to enjoin must be "actual or imminent," not merely hypothetical); *Gorman v. Moody*, 710 F. Supp. 1256, 1258 (N.D. Ind. 1989) (standing to seek injunctive relief requires "a showing of a real and *immediate* threat of *repeated* injury") (emphasis in original) (citation omitted).  Jones also cannot rely on any alleged threat of future harm to prospective class members – she can represent only her own interests.  *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004) (affirming denial of preliminary injunctive relief where plaintiff who had asserted claims on

behalf of a putative class lacked standing because he did not, and could not, allege a threat of future harm to himself); *accord McKenzie*, 118 F.3d at 555.

Second, because Jones has not pled a viable claim against Sears Roebuck, she has no basis for seeking injunctive relief. *See United States v. Lerch*, No. 1:97 CV 0035 AS, 1997 WL 401547, at *7 (N.D. Ind. 1997) (plaintiff must succeed on the merits of underlying claim to successfully seek permanent injunction).

The fact that Jones has now filed – on July 16, 2008 – a motion for preliminary injunction does not change the above analysis. Nor should that filing delay consideration of Sears Roebuck's motion to dismiss. When faced with a motion to dismiss and a plaintiff's motion for preliminary injunction, a court should rule on the motion to dismiss first because it addresses a necessary preliminary injunction factor: reasonable likelihood of success on the merits. *See Protect Marriage Ill. v. Orr*, 458 F. Supp. 2d 562, 567-68 (N.D. Ill. 2006). Indeed, this is the most efficient procedure; if the complaint warrants dismissal, it is unnecessary to consider the other preliminary injunction factors. *See id.* at 575. Sears Roebuck, therefore, respectfully maintains that the Court should consider its motion to dismiss before considering Jones's preliminary injunction motion.[4]

## CONCLUSION

For the reasons stated above, Plaintiff has not pled viable claims for breach of contract, unjust enrichment, money had and received, or injunctive relief. Therefore, Sears Roebuck's Motion to Dismiss should be granted.

---

[4]    Jones's actions implicitly concede this point. Although Jones filed her Complaint on May 21, she waited nearly two months, until July 16, to file her preliminary injunction motion, and noticed it for hearing 2 weeks later on July 29.

Dated:  July 21, 2008

Respectfully submitted,

SEARS, ROEBUCK AND CO.,
*Defendant*

By:    /s/ Mark A. Brand
    One of Its Attorneys

Mark A. Brand (ARDC #6197271)
David Z. Smith (ARDC #6256687)
Marina C. Santini (ARDC #6290668)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone:   (312) 207-1000
Facsimile:    (312) 207-6400
mbrand@reedsmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2008, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> William Fitzpatrick, williamfitz@netzero.com
> **Fitzpatrick & Fitzpatrick**
> Counsel for Plaintiff

>               /s/ Marina C. Santini
> Marina C. Santini (ARDC No. 6290668)
> REED SMITH LLP
> 10 South Wacker Drive
> Chicago, IL 60606
> Phone:  312.207.1000
> Fax:  312.207.6400
> msantini@reedsmith.com

CHILIB-2189360