**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOVAN JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SEARS, ROEBUCK & CO., <br><br> Defendant. | No.: 08 cv 2951 <br><br> Honorable Harry D. Leinenweber <br><br> Magistrate Judge Cox |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
**LIMITING THE SCOPE OF EXPEDITED DISCOVERY**

Defendant Sears, Roebuck and Co. ("Sears Roebuck"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 26(c)(1)(D), respectfully requests that this Court grant its Motion for a Protective Order and limit the scope of expedited discovery for plaintiff's motion for preliminary injunction. In support of its Motion, Sears Roebuck has filed the accompanying Memorandum of Law which it incorporates herein by reference, and further states as follows:

1. On May 21, 2008, plaintiff Jovan Jones filed this putative nation-wide class action. On July 16, 2008, plaintiff Jovan Jones filed a motion for preliminary injunction and expedited discovery. At the July 29, 2008 hearing on that motion and Sears Roebuck's motion to dismiss, filed July 21, 2008, the parties agreed to try to develop a plan for expedited discovery relating to the preliminary injunction.

2. In telephone conferences and written correspondence, Sears Roebuck outlined its position, agreeing to engage in expedited discovery regarding plaintiff Jones's individual claims, which is the proper scope under Seventh Circuit law when no class has been certified. *See*

*McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) ("Because a class has not been certified, the only interests at stake are those of the named plaintiffs.")

3.    During those communications, however, Jones disagreed, maintaining that expedited discovery should be done on a class-wide basis. Thus, it is now clear that the parties will be unable to reach any such agreement, leaving Sears Roebuck with no alternative but to file this Motion.

4.    Under *McKenzie*, since no class has been certified here, only Jones's interests can be analyzed in considering her preliminary injunction motion. Accordingly, expedited discovery must be limited only to Jones's individual claims – precisely the scope that Sears Roebuck offered in its communications with plaintiff. As further discussed in the accompanying Memorandum of Law, there is simply no support for Jones's position that the parties must engage in class-wide discovery in order to resolve whether Jones is entitled to preliminary injunctive relief.

5.    Sears Roebuck thus submits that good cause exists in this case for the entry of an order pursuant to Rule 26(c)(1)(D) protecting Sears Roebuck from the class-wide expedited discovery sought by Jones and an order limiting that discovery to issues relating to Jones's individual claims.

6.    In accordance with Local Rule 37.2, counsel for Sears Roebuck, Mark Brand and David Smith, and counsel for Jones, Thomas Hargett and Thomas Caldwell, conferred by telephone conference at 9:00 am Monday, August 4, 2008, to discuss the scope of expedited discovery. The parties followed up their telephone conference via correspondence sent by Sears Roebuck's counsel on August 5 and 15 and by Jones's counsel on August 13. Counsel for Sears Roebuck, Mark Brand and David Smith, and counsel for Jones, Thomas Hargett, further

conferred by telephone conference at 10:15 am Monday, August 18, 2008.  Notwithstanding counsels' good faith efforts to resolve the dispute, no resolution could be reached.

WHEREFORE, for the reasons stated above and set forth more fully in its accompanying Memorandum of Law, Sears Roebuck respectfully requests that the Court grant its Motion for a Protective Order limiting the scope of expedited discovery and grant such further and additional relief as this Court deems just and proper.

Dated:  August 18, 2008

Respectfully submitted,

SEARS, ROEBUCK AND CO.,
*Defendant*

By:   /s/ Mark A. Brand
      One of Its Attorneys

Mark A. Brand (ARDC #6197271)
David Z. Smith (ARDC #6256687)
Marina C. Santini (ARDC #6290668)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone:   (312) 207-1000
Facsimile:    (312) 207-6400
mbrand@reedsmith.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 18, 2008, I electronically filed the foregoing **DEFENDANT'S MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF EXPEDITED DISCOVERY** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

William Fitzpatrick, williamfitz@netzero.com
**Fitzpatrick & Fitzpatrick**

Matthew R. Wilson, mwilson@dmlaws.com
**David P. Meyer & Associates Co. LPA**

  I further caused the foregoing Motion to be served via electronic mail and U.S. Mail upon the following counsel of record who are not registered with the CM/ECF system:

Thomas A. Hargett, tahargett@mhclaw.com
Thomas K. Caldwell, tkcaldwell@mhclaw.com
Timothy J. Kirk, tkkirk@mhclaw.com
**Maddox Hargett & Caruso**
10100 Lantern Road, Suite 150
Fishers, IN 46037
Tel: (317) 598-2040

           /s/ Mark A. Brand
           Mark A. Brand (ARDC #6197271)
           REED SMITH LLP
           10 South Wacker Drive
           Chicago, IL 60606
           Phone:  312.207.1000
           Fax:  312.207.6400
           mbrand@reedsmith.com

CHILIB-2198513.2