### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOVAN JONES, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No.: 08 cv 2951 |
| v. | ) ) ) | Hon. Harry D. Leinenweber |
| SEARS, ROEBUCK & CO., | ) ) ) | Magistrate Judge Cox |
| Defendant. | ) ) ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF EXPEDITED DISCOVERY

Plaintiff Jovan Jones, before either party did anything else in this case, filed a motion for preliminary injunction and expedited discovery. At the July 29, 2008, hearing on that motion and its motion to dismiss, filed July 21, 2008, defendant Sears, Roebuck and Co. ("Sears Roebuck") agreed to work with Jones to develop a plan for expedited discovery limited to the preliminary injunction issues. In the discussions and written communications that followed, however, it became clear that the parties could not agree on the scope of that expedited discovery.

On August 5, 2008, Sears Roebuck's counsel, Mark Brand, sent a letter to plaintiff's counsel, Thomas Hargett, outlining Sears Roebuck's position on expedited discovery. Sears Roebuck agreed that the parties should engage in some expedited discovery but the scope of that discovery should be limited, according to Seventh Circuit law, to plaintiff Jones's individual claims, because no class had been certified. (*See* Letter from M. Brand to T. Hargett (Aug. 5, 2008) (citing *McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) and *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1081 (1998)) (attached hereto as Exhibit A).)

Accordingly, Sears Roebuck offered, for such expedited discovery, that it would be willing to produce:

> documents and/or information, if any, relating to the following:

> 1) Jovan Jones's purchases from the Sears dealer store in Lebanon, Indiana (the "Store") in January 2007, including her purchases of a clothes washer, clothes dryer, semi-rigid metal vent, and power cord;

> 2) The delivery and alleged hook-up of Jones's washer and dryer in January 2007;

> 3) All personnel of the Store with knowledge regarding the sale and delivery of Jones's washer and dryer in January 2007;

> 4) The Store's sales of dryer vents from January 2007 to the present;

> 5) The Store's policy and training regarding the hookup of dryers from January 2007 to the present;

> 6) Sears Roebuck's policy and training vis-à-vis the Store regarding the hookup of dryers from January 2007 to the present; and

> 7) Owner and Instruction Manual for the model of dryer Jones purchased in January 2007.

(*Id.*)

On August 13, 2008, Mr. Hargett sent Mr. Brand a letter, covering a variety of topics, not just the scope of expedited discovery on plaintiff's preliminary injunction motion. On that issue, Mr. Hargett made clear plaintiff's position that the expedited discovery should be done on a class-wide basis, particularly if Sears Roebuck would not offer "sworn representations" regarding the use of dryer vents, presumably anywhere, over the last four years. (*See* Letter from T. Hargett to M. Brand (Aug. 13, 2008) (attached hereto as Exhibit B). In other words Jones wanted the discovery she attached (as an exhibit) to her preliminary injunction motion. That discovery, for example, sought information and documents relating to the installation of dryers purchased across the country (including a list of each individual who had installed a dryer) going back four years (i.e., three years before Jones herself purchased the dryer at issue). (*See* Pl.'s

Preliminary Injunction Br. at Ex. B & C.)  Moreover, Mr. Hargett argued that *McKenzie* and *Chavez* were not relevant to the issue of expedited discovery and cited to a number of cases purporting to support plaintiff's position.  (*See* Ex. B.)

On August 15, 2008, Mr. Brand sent a letter with Sears Roebuck's response. Specifically, Mr. Brand repeated Sears Roebuck's position on the scope of expedited discovery, pointing out how *McKenzie* and *Chavez* support that position and distinguishing the cases Mr. Hargett cited.  (*See* Letter from M. Brand to T. Hargett (Aug. 15, 2008) (attached hereto as Exhibit C)).  Moreover, Mr. Brand reiterated previous discussions between the parties concerning fundamental fact questions that plague Jones's individual claims.  For example, the day after the dealer store delivered Jones's dryer (i.e., January 16, 2007), she returned to the dealer store and purchased a semi-rigid metal vent (i.e., the kind she alleges in her Complaint should have been installed) and a new power cord.  (*Id.* (attached receipts).)  Mr. Brand pointed out again how this fact raises several foundational questions about Jones's own claim, like: (a) where did she get the foil vent she alleges is attached to her dryer? and (b) where is the semi-rigid vent and new power cord she purchased on January 17, 2007?  (*Id.* at 2)  As a result of these and other questions surrounding Jones's individual claims, Sears Roebuck thus maintained that, as a practical matter of efficiency and cost-savings, it made sense to have the discovery focus on the facts surrounding plaintiff's purchases, delivery, and installation.  (*Id.*)

On August 18, 2008, the parties' counsel had a telephone conference to discuss these issues, but were unable to resolve the parties' disagreement over the scope of expedited discovery.  Sears Roebuck was thus left without any alternative but to seek this protective order to resolve the impasse between the parties over the appropriate scope of the expedited discovery in this matter.

**BECAUSE NO CLASS HAS BEEN CERTIFIED, THE SCOPE OF EXPEDITED DISCOVERY SHOULD BE LIMITED TO JONES'S INDIVIDUAL CLAIMS – THE ONLY CLAIMS RELEVANT TO THE PRELIMINARY INJUNCTION MOTION**

Any expedited discovery here must be limited to those issues that are relevant to the resolution of Jones's preliminary injunction motion. Because "[e]xpedited discovery is not the norm," courts do not allow it without a showing of necessity and "must also protect defendants from unfair expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). A court will thus deny expedited discovery where "[n]o effort whatsoever is made to tailor the discovery sought . . . to the specific issues that will be determined at the preliminary injunction hearing." *Id.* at 621. Therefore, Jones is only entitled to expedited discovery of those issues to be decided as to her requested preliminary injunction. In other words, all others issues that may arise in this matter are not within the limited scope of this expedited discovery.

It is well established that without a certified class, only the named plaintiff's claims are relevant to any requested preliminary injunction. The Seventh Circuit made this clear over ten years ago in *McKenzie v. City of Chicago*, 118 F.3d 552 (7th Cir. 1997). In *McKenzie*, two individuals whose buildings were demolished under Chicago's "Fast Track program" challenged that program's legality on behalf of themselves and a putative class. The district court, which had not yet ruled on plaintiffs' class certification motion, granted plaintiffs' motion for a preliminary injunction halting the program. On appeal, the Seventh Circuit reversed, holding:

> The fundamental problem with this injunction is that plaintiffs lack standing to seek-and the district court therefore lacks authority to grant – relief that benefits third parties. . . . **Because a class has not been certified, the only interests at stake are those of the named plaintiffs**. . . . **A wrong done to plaintiff in the past does not authorize prospective, class-wide relief unless a class has been certified. Why else bother with class actions?**

*Id.* at 555 (internal citations omitted; emphasis added). As for the named plaintiffs individually,

the Seventh Circuit concluded they were not entitled to a preliminary injunction as there was no

risk (nor did the district court find any) that their properties would be demolished before a ruling

on the merits of their claims.  *See id.*  The Seventh Circuit thus admonished, "[i]t is not an

appropriate use of judicial power to issue an injunction that adds nothing to the protections

plaintiffs already have or can obtain by taking rudimentary precautions, and therefore affects

**only** the rights of non-parties."  *Id.* (emphasis in original).  Courts within this Circuit have thus

followed *McKenzie* and held that "[t]o the extent that the plaintiffs seek injunctive relief on

behalf of a putative class, the absence of an order certifying a class dooms any such request."

*Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1081 (1998) (citing *McKenzie*, 118 F.3d at

555); *accord Campbell v. Miller*, No. 1:03-CV-0180, 2003 WL 21544257, at *1 (S.D. Ind. June

25, 2003) ("In order to justify the issuance of a preliminary injunction in the absence of a class

action, Plaintiff must demonstrate . . . that he personally has no remedy at law and will suffer

irreparable harm if preliminary relief is denied.") (citations omitted); *Towers v. City of Chicago*,

979 F. Supp. 708, 725 (N.D. Ill. 1997) ("Because Plaintiffs have failed to satisfy the criteria

necessary to certify a class, any request for injunctive relief must be analyzed as applied to the

individual movants.") (citation omitted), *aff'd on other grounds*, 173 F.3d 619 (7th Cir. 1999).

Notably, *McKenzie* did not create any new law.  Federal courts across the country have

long held that a plaintiff cannot obtain a preliminary injunction for the benefit of a non-certified

class.  *See, e.g.*, *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 361 (1st Cir. 1989)

("Ordinarily, classwide relief, such as the injunction here . . . is appropriate only where there is a

properly certified class. . . . But there is no such reason here for an injunction running to the

benefit of nonparties.") (internal citations omitted); *Everhart v. Bowen*, 853 F.2d 1532, 1538-39

(10th Cir. 1988) ("Absent a class certification, the district court should not have treated the suit

as a class action by granting statewide injunctive relief"), *rev'd on other grounds sub. nom.*, *Sullivan v. Everhart*, 494 U.S. 83 (1990); *Ameron, Inc. v. U.S. Army Corps of Engr's*, 787 F.2d 875, 888 (3d Cir. 1986) ("In the absence of a certified class action, [plaintiff] was only entitled to relief for itself."); *National Ctr. For Immig. Rts., Inc. v. United States I.N.S.*, 743 F.2d 1365, 1371-72 (9th Cir. 1984) ("The [defendant] asserts that in the absence of class certification, the preliminary injunction may properly cover only the named plaintiffs.  We agree . . . On remand, if the district court fails to certify a class of plaintiffs, it must limit the injunction to apply to the named plaintiffs only."); *Zepeda v. INS*, 753 F.2d 719, 727-28 n.1 (9th Cir. 1983) ("Without a properly certified class, a court can not grant relief on a class-wide basis.") (internal citations omitted); *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974) ("Relief cannot be granted to a class before an order has been entered determining that class treatment is proper").

Despite this substantial body of legal authority both within this Circuit and across the country, Jones's preliminary injunction motion and her counsel's recent correspondence completely ignore it.  Indeed, the sole case Jones cited in her preliminary injunction motion to support her entitlement to class-wide injunctive relief, *Zbaraz v. Quern*, 572 F.2d 582 (7th Cir. 1978), does not support that proposition at all.  (*See* Pl.'s Preliminary Injunction Br. at 7.)  In *Zbaraz*, the Seventh Circuit reversed the lower court stay of an action some physicians brought challenging an Illinois abortion statute. 572 F.2d at 580-87.  Although the physicians had sought a preliminary injunction, the Seventh Circuit **expressly declined to address it**.  *See id.* at 587-88 ("appellants invite this court to proceed to resolve the merits of appellants' motion for a preliminary injunction.  We respectfully decline.")  In addition, the Seventh Circuit made it clear that the physicians may not be entitled to such relief, for among other reasons, that the physicians lacked standing to assert the rights of their patients who were not parties in the underlying case.

*See id.* at 588.  In short, *Zbaraz* provides no support for Jones's position.

Plaintiff implicitly conceded this in Mr. Hargett's August 13 letter, as that letter nowhere cites *Zbaraz*.  Moreover, the cases Mr. Hargett's letter did cite are inapposite.  Not one of the cited opinions from the Northern District of Illinois involved preliminary injunctions in a class action, let alone where there is only an alleged putative (i.e. non-certified) class.  Moreover, the cases cited from outside the Seventh Circuit do not support Jones's argument that class-wide preliminary injunction relief, let alone class-wide expedited discovery, should be considered prior to class certification.  For example, *Sanford v. R.L. Coleman Realty Company, Inc.*, 573 F.2d 173 (4th Cir. 1978) did not involve a preliminary injunction and in both *McGlothlin v. Connors*, 142 F.R.D. 626 (W.D. Va. 1992) and *Catanzano by Catanzano v. Dowling,* 847 F. Supp. 1070 (W.D.N.Y. 1994) the court first granted class certification before granting a class-wide preliminary injunction.

And while in the other cases Mr. Hargett cited, *Hinckley v. Kelsey-Hayes Company*, 866 F. Supp. 1034 (E.D. Mich. 1994) and *Sharif by Salahuddin v. New York State Education Department*, 709 F. Supp. 345 (S.D.N.Y. 1989), both courts did grant class-wide preliminary injunctions prior to class certifications, the contexts in those cases are very different from the case here.  In *Sharif*, ten female students challenged, on behalf of a putative class of other female students, New York State's system for awarding merit scholarships as discriminatory and sought a preliminary injunction to enjoin the alleged discrimination.  *Id.* at 348-49.  The defendant conceded that some of the named plaintiffs would qualify for those scholarships if the method of awarding scholarships changed the way plaintiff's advocated and the court noted that the relief plaintiff requested "necessarily implicated the entire system," and thus all students, including the putative class, not just the individual plaintiffs.  *Id.* at 357.  In *Hinckley*, the plaintiffs, after filing

a motion for class certification, sought a preliminary injunction on behalf of their putative class

of retired union workers to stop their former employer from lowering their health insurance

benefits under the collective bargaining agreements. 866 F. Supp. at 1037 & n.2. In granting the

injunction, the court noted that the reduction in benefits could force the named plaintiffs, and

putative class members, to have to forgo necessary medical care. *Id.* at 1044-45. Here, in

contrast to those cases, Jones is not challenging a unitary system on behalf of a readily

identifiable class, but instead alleging claims that are based upon facts that vary from individual

to individual and are sought on behalf of an amorphous putative class.

In any event, *Hinckley* and *Sharif*, as demonstrated above, reflect the overwhelming

minority view in the federal courts. Indeed, the Third Circuit Court of Appeals has criticized

such opinions (including *Hinckley* specifically) and followed the Seventh Circuit's view and

rejected the granting of class-wide preliminary injunctions prior to class certification. *See Adams

v. Freedom Forge Corp.*, 204 F.3d 475, 490 (3d Cir. 2000). Additionally, it is questionable

whether *Hinckley* remains good law as more recently, the Sixth Circuit cited *McKenzie*

approvingly, noting that "when a class has not been certified, the only interests of concern are

those of the named plaintiffs." *See Tesmer v. Granholm*, 333 F.3d 683, 701-702 (6th Cir. 2003)

(holding that injunctive relief was only available to named plaintiffs in a putative class action),

*rev'd on other grounds, Kowalski v. Tesmer*, 543 U.S. 125 (2004).

In short, the law in the Seventh Circuit (if not within all Circuits) is clear: Jones can only

obtain a preliminary injunction tailored to fit her own need for such relief. There can be no

consideration of any non-parties, including any putative non-certified classes. Accordingly, any

expedited discovery must be limited to Jones's individual claims.

## **CONCLUSION**

As demonstrated above, only plaintiff's individual claims are relevant to her preliminary

injunction motion.  Consequently, any expedited discovery in this matter should be limited to those claims.  Anything else is irrelevant and beyond the scope of what should be allowed. Therefore, Sears Roebuck respectfully requests that the Court grant its Motion for a Protective Order.

Dated:  August 18, 2008                    Respectfully submitted,

                                           SEARS, ROEBUCK AND CO.,
                                           *Defendants*


                                           By:____/s/ Mark A. Brand_____
                                                One of Its Attorneys

                                           Mark A. Brand (ARDC #6197271)
                                           David Z. Smith (ARDC #6256687)
                                           Marina C. Santini (ARDC #6290668)
                                           REED SMITH LLP
                                           10 South Wacker Drive
                                           Chicago, IL  60606-7507
                                           Telephone:   (312) 207-1000
                                           Facsimile:   (312) 207-6400
                                           mbrand@reedsmith.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2008, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF EXPEDITED DISCOVERY** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

William Fitzpatrick, williamfitz@netzero.com
**Fitzpatrick & Fitzpatrick**

Matthew R. Wilson, mwilson@dmlaws.com
**David P. Meyer & Associates Co. LPA**

I further caused the foregoing Motion to be served via electronic mail and U.S. Mail upon the following counsel of record who are not registered with the CM/ECF system:

Thomas A. Hargett, tahargett@mhclaw.com
Thomas K. Caldwell, tkcaldwell@mhclaw.com
Timothy J. Kirk, tkkirk@mhclaw.com
**Maddox Hargett & Caruso**
10100 Lantern Road, Suite 150
Fishers, IN 46037
Tel: (317) 598-2040

_/s/ Mark A. Brand_
Mark A. Brand (ARDC #6197271)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Phone:  312.207.1000
Fax:  312.207.6400
mbrand@reedsmith.com

CHILIB-2195766.4-DZSmith

# EXHIBIT A

# ReedSmith

**Mark A. Brand**
Direct Phone: +1 312 207 2438
Email: mbrand@reedsmith.com
Direct Fax: 312.207.6400

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400
reedsmith.com

August 5, 2008

**VIA U.S. MAIL and FACSIMILE (317.598.2050)**

Thomas A. Hargett
Maddox Hargett & Caruso, P.C.
10100 Lantern Road, Suite 150
Fishers, Indiana 46308

Re:    ***Jones v. Sears, Roebuck & Co.***
      **Case No. 1:08-cv-2951 (N.D. Ill.)**

Dear Tom:

    I am writing, as we discussed in our August 4, 2008 telephone conference, to lay out Sears, Roebuck and Co.'s ("Sears Roebuck's") position on expedited discovery.

    Based on our conversations, we are in agreement that any expedited discovery in this matter should be limited to those issues relevant to Jones's preliminary injunction motion. Accordingly, Sears Roebuck's position is that the scope of any expedited discovery should be limited to Jovan Jones, because the only relevant interests are hers, not those of any non-parties such as putative class members. Sears Roebuck's position is well founded in the Seventh Circuit case law (which Sears Roebuck cited in its memorandum supporting its 12(b)(6) motion) as well as the case law of other federal courts across the country. *See, e.g., McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) ("Because a class has not been certified, the only interests at stake are those of the named plaintiffs" in considering a preliminary injunction motion); *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1081 (1998) ("To the extent that the plaintiffs seek injunctive relief on behalf of a putative class, the absence of an order certifying a class dooms any such request.") (citing *McKenzie*, 118 F.3d at 555).

    Therefore, given that limited scope of expedited discovery, Sears Roebuck is willing to produce documents and/or information, if any, relating to the following:

1)    Jovan Jones's purchases from the Sears dealer store in Lebanon, Indiana (the "Store") in January 2007, including her purchases of a clothes washer, clothes dryer, semi-rigid metal vent, and power cord;

2)    The delivery and alleged hook-up of Jones's washer and dryer in January 2007;

3)    All personnel of the Store with knowledge regarding the sale and delivery of Jones's washer and dryer in January 2007;

4)    The Store's sales of dryer vents from January 2007 to the present;

Thomas A. Hargett
August 5, 2008
Page 2

ReedSmith

5) The Store's policy and training regarding the hookup of dryers from January 2007 to the present;

6) Sears Roebuck's policy and training vis-à-vis the Store regarding the hookup of dryers from January 2007 to the present; and

7) Owner and Instruction Manual for the model of dryer Jones purchased in January 2007.

We are, of course, willing to discuss these matters further, particularly after we have had a chance to review the authority you promised to send us supporting your position that the scope of expedited discovery includes information and events that have no bearing on Ms. Jones's individual claims and her individual interests. We look forward to your response.

Sincerely yours,

Mark A. Brand

CHILIB-2196026.1

# EXHIBIT B

# MADDOX HARGETT & CARUSO, P.C.

Representing Investors

Mark E. Maddox[2]
Thomas A. Hargett[1]
Steven B. Caruso[3]
Thomas K. Caldwell[5]
Keith L. Griffin[1]
Barbara Quinn Smith[4]
T. John Kirk[1]

10100 Lantern Road
Suite 150
Fishers, IN 46037
317.598.2040
317.598.2050 fax

www.investorprotection.com

New York                 Cleveland
80 Broad Street          9853 Johnnycake Ridge Rd.
Fifth Floor              Suite 302
New York, NY 10004       Mentor, OH 44060
212.837.7908             440.354.4010
212.837.7998 fax         440.848.8175 fax

August 13, 2008

Mark A. Brand                    **Via Fax**
Reed Smith LLP                   **312-207-6400**
10 South Wacker Drive            **and US Mail**
Chicago, Illinois 60606-7507

RE:  **Jones v. Sears Roebuck and Co.**
     **Case Number 1:08-cv-2951 (N.D. Ill.)**

Dear Mark:

It appears from your August 5th correspondence that we have interpreted Judge Leinenweber's instructions during the July 29th conference dramatically differently. It was clear to us that the Court directed both sides to engage in discovery that would allow for the determination of the scope of installations by Sears utilizing vents other than heavy metal where the manufacturers warn that such installations are a fire hazard.

As I explained almost immediately after the hearing, we remain willing to withdraw our request for a preliminary injunction if someone with knowledge of the facts and circumstances surrounding Sears' dryer vent installations and utilization of foil vents, semi-rigid vents or rigid metal vents would proffer an affidavit establishing that Sears: 1) does not currently use metal foil vents in installations where the manufacturers instruct that doing creates a fire hazard; and 2) that Sears has not utilized vents other than heavy metal in those situations for the last four years as a matter of practice and policy. However, short of these sworn representations, we do need discovery to determine the scope of utilization of vents other than heavy metal where the manufacturers' explicit directions mandate the use of heavy metal vents.

This case is about fire hazards in the homes of tens of thousands of Sears' customers as a result of Sears installing a dangerous home appliance (because it operates by utilizing fire or extreme heat) in a manner that the manufacturers of

Mark A. Brand
RE:   Jones v. Sears Roebuck and Co. Case Number 1:08-cv-2951 (N.D. Ill.)
August 13, 2008
Page 2

those appliances deem a fire hazard. For the reasons articulated above, I believe
your initial response to our efforts to reach an agreement on the scope of expedited
discovery is in conflict with Judge Leinenweber's explicit directive on this topic.
If you will recall, during the July 29th conference, we informed the Court that a
narrow production of discovery specific to the individual Plaintiff would not
address the scope of the problem that Judge Leinenweber said was important to his
determination of our Motion.

        Narrowly-tailored class-wide discovery *is necessary* here. Fire hazards in
your customers' homes as a result of a defective and deficient dryer vent
installation is a completely different breed of legal animal, as it were, than the
cases on which you seem to base your refusal to engage in expedited class-wide
discovery. For example, in *defective product* cases against *product
manufacturers*, like the four cases you cite on page five of your dismissal
memorandum, the mechanism for protecting the public *does not lie in the lawsuit
itself*, but instead lies in a federal product recall under the Consumer Product
Safety Act ("CPSA"), 15 U.S.C. §§ 2051-2084, *or, more adversely*, in an action
by the Consumer Product Safety Commission ("CPSC") pursuant to 15 U.S.C. §
2061 for a violation of 15 U.S.C. § 2064. Judge Cudahy spelled this out in a
specific context in *Zepik v. Tidewater Midwest, Inc.*, 856 F.2d 936, 945 (7th Cir.
1988), wherein he unequivocally stated "the CPSA does not provide a private
cause of action for failure to report knowledge of defects."

        In fact, that exact principle came into play in *Verb v. Motorola, Inc.*, 672
N.E.2d 1287 (Ill. Ct. App. 1996)--*one of the four cases you cite on page five of
your dismissal memorandum.* In *Verb*, the plaintiffs sued cellular telephone
manufacturers for a specific design of a cellular telephone . . . [that] may cause an
increase in health risks . . ." *Id.* at 1289. The court undertook an exhaustive
preemption analysis and ultimately concluded, "We therefore find that the trial
court properly ruled that plaintiffs' claims were preempted by the FDA." *Id.*, at
1291-94.

        The instant case is entirely different and not under the guise of the CPSA or
Congress. Sears is not a manufacturer of dryer vents. There is no product to be
recalled, and although the Congress loudly proclaims in 15 U.S.C. § 2051 that "an
unacceptable number of consumer products which present unreasonable risks of
injury are distributed in commerce . . . [and] the public should be protected against
unreasonable risks of injury associated with consumer products," any action by the
CPSC against Sears would be dismissed for want of jurisdiction. Put differently:
this breach of contract case would be the same had Sears or any other "Joe

                                                                              2

Mark A. Brand
RE:   Jones v. Sears Roebuck and Co. Case Number 1:08-cv-2951 (N.D. Ill.)
August 13, 2008
Page 3

Installer" installed an asbestos-filled vent, a paper vent, or any other purported
"vent" that the manufacturer's venting specifications deem a "fire hazard."

Again, this class action lawsuit alleges that tens of thousands of Sears'
customers are living with a fire hazards as a result of breached dryer vent
installation contracts and there is no CPSA relief in terms of a product recall or an
action by the CPSC. Thus, *the only relief for the class members* who have had
(and who will continue to have) their dryer vent installation contracts breached *is
this very lawsuit*. That is precisely why the facts of this case militate in favor of
expedited discovery and there is ample legal support, including opinions penned
by Judge Leinenweber himself. *See, e.g., Henry v. Sears Roebuck & Co.*, No. 98-
CV-4110, 1999 WL 33496080, at *1 (N.D. Ill. July 23, 1999) (Leinenweber, J.);
*Koski v. Booker*, No. 92 C 3293, 1993 WL 153828, at *1 (N.D. Ill. May 6, 1993)
(Leinenweber, J.); *Ries v. Humana Health Plan, Inc.*, No. 94 C 6180, 1997 WL
158337, at *1 (N.D. Ill. Mar. 31, 1997); *see also Nobel Biocare USA, Inc. v.
Lynch*, 1999 WL 958501, *4 (N.D. Ill. September 15, 1999) (expedited discovery
granted in order to provide "a fuller record for the court when deciding whether to
issue a preliminary injunction.") (Lindberg, J.); *Sanford v. R.L. Coleman Realty
Co.*, 573 F.2d 173, 178 (4th Cir. 1978) ("Whether plaintiff proceeds as an
individual or on a class suit basis, the requested [injunctive] relief generally will
benefit not only the claimant but all other persons subject to the practice or the
rule under attack."); *McGlothlin v. Connors*, 142 F.R.D. 626, 641 (W.D. Va. 1992)
("[T]he court notes that class certification is not necessary prior to issuing a
preliminary injunction."); *Hinckley v. Kelsey-Hayes Co.*, 866 F. Supp. 1034, 1044-
45 (E.D. Mich. 1994) ("[T]he court will take into consideration the irreparable
harm faced by putative class members before class certification because of the
nature of injunctive relief at this stage of the litigation."); *Catanzano by
Catanzano v. Dowling*, 847 F. Supp. 1070, 1078 (W.D.N.Y. 1994) ("[A] class
certification is not necessary prior to issuing a preliminary injunction."); *Sharif by
Salahuddin v. N.Y. State Educ. Dept*, 709 F. Supp. 345, 359 (S.D.N.Y. 1989) ("A
court need not certify a class prior to granting a preliminary injunction.").

Judge Easterbrook's opinion in *McKenzie v. City of Chicago*, 118 F.3d 552
(7th Cir. 1997), and Judge Manning's opinion in *Chavez v. Illinois State Police*, 27
F. Supp. 2d 1053 (N.D. Ill. 1998), are wholly inapposite and do not prevent
expedited discovery, much less have anything to do with expedited discovery, *or
discovery at all*, for that matter. It is also important to note that in the 34 times
*McKenzie* has been cited, it has never been cited for the proposition that injunctive
relief cannot be granted prior to class certification.

3

Mark A. Brand
RE:   Jones v. Sears Roebuck and Co. Case Number 1:08-cv-2951 (N.D. Ill.)
August 13, 2008
Page 4

    *McKenzie* and *Chavez* sit in a long line of federal precedent preventing
plaintiffs from overburdening (and ultimately bankrupting) the government and
other public institutions with unseemly litigation.  That precedent dates back to the
very first "Separation of Powers" cases, but is most notably seen over thirty years
ago in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), where the Supreme Court
held that a plaintiff could not sue to enjoin city police from using a chokehold
maneuver.  Imagine what the legal (and, more importantly, budgetary) landscape
would look like if any random person had "standing" to cavalierly stop the
government from acting?

    Although the procedural history of *Chavez* is more complicated and varied
than the sole Judge Manning opinion you cite, see, e.g., *Chavez v. Illinois State
Police*, 251 F.3d 612 (7th Cir. 2001), in that opinion the judge merely followed
that basic principle and prevented the plaintiffs in *Chavez* from opening disastrous
litigation floodgates by denying people the ability to sue for racial profiling.  And
as in *McKenzie*, *Chavez,* although cited 20 times, has never been cited for the
proposition that class certification is necessary prior to a preliminary injunction
ruling, much less to prevent class discovery.

    Judge Easterbook's opinion in *McKenzie*--the procedural history of which
is also more complicated and varied than you note, as Judge Leinenweber
discussed in *Follkie v. City of Chicago*, No. 97 C 154, 1997 WL 527304, at *1-*3
(N.D. Ill. Aug. 19, 1997)--is nothing different.  There, the 7th Circuit decided to
hang its hat on the "Separation of Powers" aspect of the principle by not allowing
the plaintiffs to stop the government from demolishing property: "A legislative
decision is not subject to courtroom fact-finding and may be based on rational
speculation unsupported by evidence or empirical data." *McKenzie*, 118 F.3d at
556-57.[1]

    In any event, the long and short of *McKenzie* and *Chavez* is that neither
case has anything to do with the expedited discovery here, not only because the
instant case does not involve the government but, more importantly, because
neither case has ever been cited as precedent to limit expedited discovery or
discovery at all.  Separate and apart from this, you assume that Indiana law will
apply and not the law of New York or Illinois, where Sears is incorporated.  This
choice of law question is, at best, open, requires significant briefing, and is not
answered by the sole case you cite in your dismissal memorandum, *Hinc v. Lime-*

---

[1] As you no doubt are aware, the U.S. Supreme Court recently made the import of the *McKenzie* decision
largely irrelevant in *Kelo v. City of New London*, 545 U.S. 469 (2005), by exponentially empowering
government to demolish and otherwise seize private property.

4

Mark A. Brand
**RE:    Jones v. Sears Roebuck and Co. Case Number 1:08-cv-2951 (N.D. Ill.)**
August 13, 2008
Page 5

*O-Sol Co.*, 382 F.3d 716 (7th Cir. 2004). *Compare, e.g., Nohcra Commc'ns, Inc. v. AM Commc'ns, Inc.*, 909 F.2d 1007 (7th Cir. 1990) (Pennsylvania law applied to installation contracts performed in Illinois).

As it bears repeating, this case is about a class of plaintiffs who have a contractual injury in the form of breached installation contracts, the vast majority of whom are unaware of that injury or the fire hazard the injury creates in their homes and businesses. Any arguments of substantial compliance/performance under the dryer vent installation contract are illusory. *See Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 457 (N.J. 1994) (in consumer fraud action against Sears, no substantial compliance where "[t]he microwave vent recirculated exhaust back into the house instead of outside."). And the only remedy to protect the plaintiff class is this lawsuit and the attendant injunctive relief. Plaintiff is the class fiduciary and has the obligation to conduct class-wide discovery immediately because, as the manufacturers themselves explicitly and tersely state, Sears' botched installations *"can result in death or fire."*

For these reasons, I request that you reconsider your steadfast refusal to produce discovery that will allow the parties and the Court to gauge the scope and size of this problem. I remain willing to work with you to negotiate a compromise on the scope of the outstanding expedited discovery but to date, you have been unwilling to produce any class-wide discovery.

Please let me know where you client stands on this issue prior to the next conference scheduled with the Court on August 19th.

Sincerely yours,

Thomas A. Hargett

cc:    Bill Fitzpatrick
       David Meyer
       Cullen O'Brien
       Stuart Davidson

5

# EXHIBIT C

# Reed Smith

**Mark A. Brand**
Direct Phone: +1 312 207 2438
Email: mbrand@reedsmith.com
Direct Fax: 312.207.6400

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400
reedsmith.com

August 15, 2008

**VIA FACSIMILE AND U.S. MAIL**

Thomas A. Hargett
Maddox Hargett & Caruso, P.C.
10100 Lantern Road, Suite 150
Fishers, Indiana 46308

**Re:**     *Jones v. Sears, Roebuck & Co.*
         **Case No. 1:08-cv-2951 (N.D. Ill.)**

Dear Tom:

I am writing to respond to the portions of your August 13, 2008 letter discussing plaintiff's position on the scope of expedited discovery. We will leave for another day responses to other issues your letter raises as they relate to Sears, Roebuck & Co.'s ("Sears Roebuck's") motion to dismiss (to which plaintiff's response is due August 28th, and Sears Roebuck's reply September 8th) and not Sears Roebuck's position on expedited discovery – the sole issue in our recent conversations and my August 5, 2008 letter to you.

Despite that letter and our earlier conversations, you appear to misunderstand Sears Roebuck's position. Sears Roebuck does not oppose the parties engaging in expedited discovery relevant to plaintiff's preliminary injunction motion. What Sears Roebuck does oppose is plaintiff's proposed **scope** of that expedited discovery.

Sears Roebuck's position is that the scope of expedited discovery should be limited to issues relevant to plaintiff's preliminary injunction motion – not to other issues that may be discoverable in the future should the court deny Sears Roebuck's motion to dismiss (e.g., class certification). That the scope of expedited discovery should be thusly limited is supported by the non-class action opinion you cited, *Nobel Biocare USA, Inc. v. Lynch*, No. 99 C 5774, 1999 WL 958501, at *4 (N.D. Ill. Sept. 15, 1999). The question is what issues are relevant to plaintiff's preliminary injunction motion.

The answer to that question in the Seventh Circuit is clear: the only relevant interests are those of the named plaintiff, Jovan Jones, not of any putative class members. *See, e.g., McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) ("Because a class has not been certified, the only interests at stake are those of the named plaintiffs" in considering a preliminary injunction motion); *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1081 (1998) ("To the extent that the plaintiffs seek injunctive relief on behalf of a putative class, the absence of an order certifying a class dooms any such request.") (citing *McKenzie*, 118 F.3d at 555).

Thomas A. Hargett
August 15, 2008
Page 2

ReedSmith

Your attempts to distinguish *McKenzie* and *Chavez* miss the mark. In fact, you fail to address those opinions' holdings on the issue of granting preliminary injunctions to non-parties such as non-certified, putative classes. On that issue, neither case has been overruled, limited, or reversed. Moreover, your letter mischaracterizes those cases. Neither stands for (nor has Sears Roebuck argued), as you wrote, "the proposition that injunctive relief cannot be granted prior to class certification." Rather, those cases stand for the proposition that **class-wide** injunctive relief cannot be granted prior to class certification. That is, filing a putative class action does not waive an individual's right to preliminary injunctive relief, but it also does not entitle non-party putative classes to such relief.

Further, the Northern District of Illinois opinions you cite do not involve preliminary injunctions in a class action, let alone where there is only an alleged putative (i.e. non-certified) class. The case law you cite from outside the Seventh Circuit is not persuasive, either. Some of those cases are not on point. For example, *Sanford v. R.L. Coleman Realty*, 573 F.2d 173 (4th Cir. 1978) did not involve a preliminary injunction and in both *McGlothlin v. Connors,* 142 F.R.D. 626 (W.D. Va. 1992) and *Catanzano by Catanzaono v. Dowling,* 847 F. Supp. 1070 (W.D.N.Y. 1994) the court first granted class certification before granting a class-wide preliminary injunction. Indeed, your cases appear to be the overwhelming minority view in the federal courts. The Third Circuit, for example, has criticized those opinions and followed the Seventh Circuit in rejecting the granting of class-wide preliminary injunctions prior to class certification. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 490 (3d Cir. 2000) (criticizing *Hinckley v. Kelsey-Hayes Co.,* 866 F.Supp. 1034 (E.D.Mich.1994) and stating "[m]erely petitioning for class certification cannot provide plaintiffs the right to be treated collectively.")

As we have discussed, there are threshold questions surrounding the facts alleged in Ms. Jones's complaint which are easily addressed and may be revealing if not dispositive of her claim, despite the effort to obtain more wide ranging ("class-wide") discovery. For example, she purchased a semi-rigid vent (i.e., the kind she alleges should have been installed, and the only kind the dealer store sold) and a power cord for the dryer on January 17, 2007, the day after the store delivered dryer. (I attach a copy of that receipt dated and signed by Ms. Jones on January 17, 2007, as well as a copy of the receipt for her purchase of the dryer (and a washer) on January 12, 2007, although I believe your co-counsel and client already have copies of these receipts). This raises foundational questions about Ms. Jones's own claim, of course, including: where did she get the foil vent she alleges is attached to her dryer, and where is the semi-rigid vent she purchased on January 17, 2007. As I have mentioned in our discussions, we are informed by the dealer delivery personnel that they delivered Ms. Jones's dryer and washer to her house but did not install it or any vent and left the dryer (and washer) on the outside deck of her house - at her direction. They also hauled away her old appliances, which were already disconnected and sitting on that outside deck when they arrived. We appreciate that the plaintiff might want to ignore or dispute those facts for purposes of her complaint, but to do so would only underscore the Seventh Circuit's plain logic behind limiting discovery at the preliminary injunction stage to the named plaintiff's claims.

ReedSmith

Thomas A. Hargett
August 15, 2008
Page 3

We would be happy to discuss this matter further before the next court hearing.

Sincerely yours,

Mark A. Brand

CHILIB-2198400.1

```
              S E A R S
     R E T A I L   D E A L E R
          LEBANON, IN, IN 03243
  RETAIN FOR COMPARISON WITH MONTHLY
  STATEMENT OR FOR RETURN OR EXCHANGE

        S A L E S C H E C K   #
        0 3 2 4 3 9 0 2 5 0 8 5

   TRAN#  PG/STORE  REG#   ASSOC#
   5085   10 03243  902     1016
          RINGING ASSOC #   1016
               S A L E
   26 49608   DRYER EXHS MDS    7.99T
   26 49387   30 AMP, 3  MDS   14.99T
                   SUBTOTAL    22.98
              TAX 06.000%       1.38
  CARD TYPE:  SEARS ACCOUNT
  ACCT #: W7349/0
   AUTH CODE:  017003/E
  01/17/07  SEARS ACCOUNT TOTAL   24.36

  RC: 0837-6890-3147-7377

     CARDHOLDER ACKNOWLEDGES RECEIPT
     OF GOODS AND/OR SERVICES IN THE
                AMOUNT OF
                 $24.36
     WITH AMOUNTS AS SHOWN CHARGED TO
   EACH CREDIT CARD IDENTIFIED HEREON,
   AND AGREES TO BE BOUND BY THE TERMS
     SET FORTH IN THE CARDHOLDER'S
   AGREEMENT(S) WITH THE ISSUER(S) OF
          THOSE CREDIT CARDS.
  ---------------------------------------
  !                                     !
  !                                     !
  !                                     !
  !                                     !
  !                                     !
  !                                     !
  !                                     !
  ---------------------------------------
  PURCHASED BY

       SATISFACTION GUARANTEED
         OR YOUR MONEY BACK
     A RECEIPT DATED WITHIN 90 DAYS
   IS REQUIRED FOR A RETURN OR EXCHANGE
   WHICH WOULD BE 04/17/07.  OTHER RULES
```

APPLY.  SEE BACK OF RECEIPT FOR DETAILS.
RETURNED MERCHANDISE MUST INCLUDE ALL
COMPONENT PARTS.  REFUND WILL BE ISSUED
         IN THE ORIGINAL TENDER.

  SHOP ANYTIME ON SEARSDEALER.COM

```
               S E A R S
        R E T A I L   D E A L E R
          LEBANON, IN, IN 03243
     RETAIN FOR COMPARISON WITH MONTHLY
      STATEMENT OR FOR RETURN OR EXCHANGE

          S A L E S C H E C K   #
          0 3 2 4 3 9 0 2 5 0 2 4

DELIVER TO:        CUSTOMER

PURCHASER:         JOVAN N. JONES
CUSTOMER:          JOVAN N. JONES
ADDRESS:           8220 N ST RD 39
CITY/STATE:        LEBANON, IN
ZIP CODE:          46052
PHONE:
  765-325-2507  765-894-1857

DELIV. DATE:       01/16/07 NORMAL

DELIV INSTR:
  HAUL AWAY OLD MERCHANDISE 39N TO
  MECHANICSBURG, GREY AND WRAP AROUND
  FRONT PORCH

   TRAN#  PG/STORE  REG#   ASSOC#
   5024  10 03243  902     1024
          RINGING ASSOC #  1024
 M E R C H A N D I S E   O R D E R E D
     L O C A L   D E L I V E R Y
   26 27542   KM WSHR,WO OVR  399.99T
                       ORDERED
   SETUP OR DELUXE
   26 67761   KM EL DRYE SAL 479.99T
                       ORDERED
   SETUP OR DELUXE
 NON-REFUNDABLE DELIVERY FEE    49.00T
             HAUL AWAY FEE       .00T
                  SUBTOTAL     929.98
                TAX 06.000%     55.74
CARD TYPE:  SEARS ACCOUNT
ACCT #: W7349/8
  AUTH CODE: 012230/E
01/12/07 SEARS ACCOUNT TOTAL   984.82

RC: 0837-6993-4132-7377

  THE FOLLOWING ITEM(S) MAY BE SUBJECT
  TO A CANCELLATION/RESTOCKING FEE
```

```
            IF RETURNED:
   26 27542     KM WSHR,WO
   26 67761     KM EL DRYE

   CARDHOLDER ACKNOWLEDGES RECEIPT
   OF GOODS AND/OR SERVICES IN THE
              AMOUNT OF
              $984.82
   WITH AMOUNTS AS SHOWN CHARGED TO
  EACH CREDIT CARD IDENTIFIED HEREON,
  AND AGREES TO BE BOUND BY THE TERMS
   SET FORTH IN THE CARDHOLDER'S
  AGREEMENT(S) WITH THE ISSUER(S) OF
       THOSE CREDIT CARDS.
----------------------------------
!                                  !
!                                  !
!        Jovan Jones               !
!                                  !
!                                  !
!                                  !
----------------------------------
PURCHASED BY

  CALL FOR INFORMATION:
  DELIVERY      (765)485-2466
  PARTS         (800)469-4663
  INSTALLATION  (765)485-2466
  SERVICE       (800)469-4663

     SATISFACTION GUARANTEED
       OR YOUR MONEY BACK
   A RECEIPT DATED WITHIN 90 DAYS
  IS REQUIRED FOR A RETURN OR EXCHANGE
```