## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOVAN JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK & CO.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No.: 08 cv 2951<br><br>Honorable Harry D. Leinenweber<br><br>Magistrate Judge Cox |

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Sears, Roebuck and Co. ("Sears Roebuck") respectfully submits this reply memorandum of law in support of its Motion to Dismiss plaintiff Jovan Jones's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

According to plaintiff Jovan Jones's Complaint, this case is about an alleged breach of contract. Yet, as Sears Roebuck demonstrated in its opening brief, Jones's Complaint fails to contain sufficient allegations about the contract that was breached. The most Jones can muster about a contract she allegedly executed herself with Sears Roebuck is that, "on information and belief," such a contract exists. This is hardly sufficient pleading of such a central fact. Moreover, as Sears Roebuck demonstrated, Jones also fails to allege necessary elements of a breach of contract claim, as well as her other claims for injunctive relief and quasi-contract (i.e.

unjust enrichment and money and received).[1]

In response, Jones files a brief that fails to address many of Sears Roebuck's arguments. For example, Jones nowhere explains how or why she has pled facts "on information and belief" about a contract she supposedly executed with Sears Roebuck. Jones's brief likewise omits any argument that she has properly pled claims for either specific performance or injunctive relief. Further, while Jones cites to the recent decision in a similar action alleging breach of contract relating to the installation of a dryer vent, *Mack v. HH Gregg, Inc.* (which Jones calls "dispositive authority"), incredibly, Jones fails to address anywhere other than in passing that the court in *Mack* **denied the preliminary injunction motion**. *See Mack v. HH Gregg, Inc.*, No. 1:08-cv-0664-DFH-WTL, slip op. at 1-3 (S.D. Ind. Aug. 21, 2008) (attached hereto as Exhibit A.)

Instead of addressing these arguments, Jones addresses an argument Sears Roebuck never raised: that Jones lacks Article III standing. Rather, as discussed above, Sears Roebuck asserted that Jones has no breach of contract claim because her alleged risk of fire and risk of cancellation of her warranty are not compensable damages.

Finally, Jones is not correct that she has properly pled her unjust enrichment and money had and received claims in the alternative. As she has explicitly incorporated into those counts allegations of an express contract, well established precedent mandates dismissal of those counts.

---

[1]     As Sears Roebuck demonstrated in its opening brief – and Jones did not challenge in her response brief – in this motion to dismiss, the focus must remain solely on the Complaint's allegations as they relate to Jones individually and not to any putative class member. *See, e.g., McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997). Thus, Sears Roebuck's reply does not address any of Jones's irrelevant arguments about the putative class or her preliminary injunction motion.

**ARGUMENT**

**I.    IT IS UNDISPUTED THAT A CHOICE OF LAW ANALYSIS
       SHOWS THAT INDIANA LAW GOVERNS JONES'S PURPORTED CLAIMS.**

As Jones has pled only common law claims, it is axiomatic that in evaluating Sears Roebuck's motion to dismiss the Court should first assess what law governs those claims. *Midwest Grain Prods. of Ill., Inc., v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000) (in "a diversity case," the court's "first task is to decide under what law [to] assess the claims.")  In its opening brief, Sears Roebuck demonstrated that Indiana law governs Jones's claims.  (*See* Op. Br.[2] at 3-4.)  That Indiana law governs is not a "presumption" (as Jones suggests), but the logical application of Illinois's "most significant interest" test to a pleading that alleges Jones's contract was negotiated, executed, and performed in Indiana.  (*Id.*)  Indeed, although Jones does not dispute Indiana law applies, she somehow argues that a choice-of-law analysis is premature because "discovery and briefing" are needed.  (*See* Resp. Br.[3] at 11 n.6.)  But Jones cites nothing to support delaying the choice of law analysis.  Indeed, her argument is odd because all the choice-of-law factors – except for Sears Roebuck's place of incorporation – are within Jones's own knowledge.  *See Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004) (under Illinois law, "the contacts relevant to the choice-of-law decision include the place of contracting, negotiation**,** performance, location of the subject matter of the contract, and the domicile, residence, place of incorporation**,** and business of the parties") (internal quotations omitted); *First Wisc. Trust Co. v. Schroud*, 916 F.2d 394, 398 (7th Cir. 1990) (relevant factors include the

---

[2]      "Op. Br." refers to Defendant's Memorandum of Law in Support of its Motion to Dismiss.

[3]      "Resp. Br." refers to Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

place where the relationship of the parties was centered, the alleged enrichment was received, the act conferring the alleged enrichment was done, the domicile, residence, place of incorporation and business of the parties, and the place where a physical thing substantially related to the alleged enrichment was located at the time of the enrichment). There is thus no reason to delay a conflict of law analysis, which shows that Indiana law governs Jones's claims. (*See* Op. Br. at 3-4.)

## II. JONES DOES NOT PLEAD A VIABLE BREACH OF CONTRACT CLAIM.

### A. Jones Has Not Pled A "Compensable Injury," An Element Indiana Law Requires For Viable Breach Of Contract Claims.

Jones's breach of contract claims should be dismissed because she fails to plead one of the required elements under Indiana law: injury resulting from the breach. Specifically, as Sears Roebuck has demonstrated, Jones's claimed injuries – risk of fire and risk of cancellation of her dryer's warranty – are not legally compensable damages. (Op. Br. at 4-6.) In response, Jones offers two beside-the-point arguments.

First, she argues that she has Article III standing to bring her claims, ignoring that Sears Roebuck never argued that Jones lacked standing, only that she has not alleged any "compensable injury." Second, Jones argues that she has pled a viable claim since her Complaint alleges her contract was breached. That argument also misses the point. As the Seventh Circuit recently recognized, under Indiana law, "[c]ompensable damages are an element of a breach of contract cause of action." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). It is thus beside the point that Jones alleged her contract was breached. The question is: what injuries does she allege resulted from that breach (i.e. what are her damages)? Here she alleges two such damages: increased risk of fire and risk of cancellation of her dryer's warranty. Neither, however, are compensable damages.

Jones's alleged increased risk of fire is not, as a matter of law, compensable damages; Indiana law requires more than simply exposure to some potential harm.  The Seventh Circuit's *Pisciotta* decision is on point here.  In *Pisciotta*, the plaintiffs sued Old National for negligence and breach of contract stemming from Old National's suffering a security breach of its customers' (including plaintiffs') personal data.  Plaintiffs alleged that although they had not had their identities stolen or suffered any other financial loss due to the security breach, they were entitled to the costs incurred and to be incurred to protect their compromised personal information (i.e. "credit monitoring").  *Id.* at 631-32.  The district court granted Old National's Rule 12(c) motion for judgment on the pleadings, holding the plaintiffs had no viable tort or contract claim because they had no compensable damages.   The Seventh Circuit, after comprehensively reviewing Indiana law, affirmed that decision.  *See id.* at 635-40.  In reaching its conclusion, the Seventh Circuit looked to, among other things, Indiana toxic tort jurisprudence and noted "the Supreme Court of Indiana has suggested that compensable damage requires more than an exposure to a future potential harm."  *Id.* at 638-39 (citing *AlliedSignal, Inc. v. Ott*, 785 N.E.2d 1068 (Ind. 2003)).[4]  Here, too, that is all Jones alleges about the possibility of her dryer catching fire – a potential risk of future fire.  As such, it is legally insufficient to serve as the basis for her breach of contract claim.[5]

---

[4]      That the Seventh Circuit in *Pisciotta* looked to tort law in analyzing the question of damages under a breach of contract claim belies Jones's argument that the "no injury" tort cases Sears Roebuck cited in its opening brief are irrelevant.

[5]      *Pisciotta* also demonstrates why Jones's nearly page-long quotation from *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002), undermines rather than supports her arguments.  (*See* Resp. Br. at 6-7.)  As the Seventh Circuit held in both *Pisciotta* and the portion of *Bridgestone/Firestone* Jones quotes, only a plaintiff who has been damaged by a breach of contract – i.e. received actually defective goods under the *Bridgestone/Firestone* analogy – has a viable claim; those with only the "risk of defect" have no claim.  Yet that is what Jones pleads

Similarly, Jones's allegations vis-à-vis her dryer's warranty do not support her breach of contract claim.  (*See* Op. Br. at 5-6.)  Notably, Jones does not dispute that point anywhere in her brief.

Finally, Jones cannot rely upon her claimed "dispositive authority," the denial of a preliminary injunction in *Mack v. HH Gregg, Inc.*, to support her breach of contract claim. (Resp. Br. at 2; *id.* at Ex. A.)  *Mack* involved a motion for preliminary injunction, not a motion to dismiss.  The court thus ruled on the basis of evidence and not just the allegations in the complaint.  *Compare* Fed. R. Civ. P. 65 *with* Fed. R. Civ. P. 12 (b)(6).  In any event, although Jones argues that her alleged contract with Sears Roebuck is the same as the Macks' contract with hhgregg, she cites nothing to support those similarities.  Indeed, a review of the respective complaints shows stark differences, including relating to the dryer vents at issue.  On the one hand, the Macks allege that their contract with hhgregg included providing "the **proper** vent hose."  (*Mack v. HH Gregg, Inc.*, Am. Compl. ¶ 11 (emphasis in original) (attached as Exhibit B to Jones's Response Brief).)   Jones, in contrast, nowhere alleges here that as part of her "contract" Sears Roebuck (or anyone else) was to provide her with the dryer vent.  In sum, there is no basis for Jones's logical leap that because the Macks had evidence of a breach of their contract with hhgregg that Jones has sufficiently pled a breach of contract here against Sears Roebuck.

---

here:  not that she has in fact suffered a fire, but that there is risk that she may suffer one in the future.

**B.    Jones Cannot Now Assert "Benefit of the Bargain" As Damages, Particularly Since She Has Not Sufficiently Pled What Her "Bargain" Was.**

In a final attempt to salvage her pleading, Jones adds in her response brief a new allegation: she is seeking "to recover the benefit of the bargain, *i.e.*, damages sufficient to cover proper installation." (Resp. Br. at 7.) This argument, however, cannot save her Complaint from dismissal for two reasons.

First, nowhere in her Complaint does Jones allege that her "compensable injury" was a failure to get the benefit of her bargain. A plaintiff cannot assert new allegations in a response to a motion to dismiss; the focus is on what's in the complaint as filed. *See Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") As Sears Roebuck showed, the Complaint's allegations about Jones's damages discuss only "risk of fire" and "cancellation of her warranty." (*See* Op. Br. at 4-6.) Jones notably nowhere cites a single paragraph of her Complaint asserting her "benefit of the bargain" allegations.

Second, even if that "benefit of the bargain" claim was somehow in her Complaint, Jones's pleading still warrants dismissal because she has not adequately pled what her "bargain" was. Jones qualifies all her allegations about her alleged contract with Sears Roebuck as being "on information and belief." (*See* Op. Br. at 2 n.2.) That is a deficiency which is grounds for dismissal. *See Oil Express Nat'l, Inc. v. Burgstone*, No. 96 C 4816, 1996 WL 666698, at *7 (N.D. Ill. Nov. 14, 1996) (dismissing claim where plaintiffs alleged, on information and belief, facts about their own contracts at issue); *HWB, Inc. v. Braner, Inc.*, No. 92 C 5900, 1993 WL 389346, * 2 (N.D. Ill. Sept. 30, 1993) (same). Yet, Jones notably fails to address this pleading deficiency anywhere in her brief. Consequently, fundamental facts which Jones should know – e.g., what exactly is her contract? Is it with the dealer store or Sears Roebuck? Is it written or

oral? Did it include installation? Did it include the vent? – remain a mystery to Sears Roebuck, this court, and apparently Jones herself.  This just does not pass under the federal pleading rules. *See Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008) ("a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case.") (citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007)); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (factual allegations cannot "be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.") (*citing Twombly*).  Jones's claims should thus be dismissed.

### C.     Jones Is Not Entitled To Specific Performance.

Jones omits from her brief any response to Sears Roebuck's argument that if even she has sufficiently pled a breach of contract claim, her claim for specific performance should be dismissed because she has not pled she does not have an adequate remedy at law.  (*See* Op. Br. at 6.)  In fact, the arguments Jones does make and the *Mack* decision she cites support Sears Roebuck's argument.  As discussed above, Jones's brief attempts to create a new damages claim "to recover the benefit of the bargain, *i.e.*, damages sufficient to cover proper installation." (Resp. Br. at 7.)  Jones thus concedes that there is an adequate remedy at law – the amount of money to pay for a "proper installation."  As such, she has no claim for specific performance. *See Kesler v. Marshall*, 792 N.E.2d 893, 896 (Ind. Ct. App. 2003) (specific performance not available when a plaintiff has an adequate remedy at law).

What is more, the *Mack* decision reinforces this point.  In denying the preliminary injunction the *Mack* court held that there was an adequate remedy at law:  "Plaintiffs could avoid any alleged risk by spending less than the federal civil filing fee to replace the existing vent and

could then obtain adequate relief at law by a modest award of damages." *Mack,* slip op. at 2 (Ex. A). Accordingly, Jones has no claim for specific performance.

III.    **BECAUSE JONES INCORPORATES ALLEGATIONS THAT SHE HAS A CONTRACT, SHE CANNOT ALTERNATIVELY PLEAD CLAIMS FOR UNJUST ENRICHMENT OR MONEY HAD AND RECEIVED.**

Jones does not dispute that she alleges she had an express contract governing the installation of her dyer. Nor does she dispute that under Indiana law, where a plaintiff alleges to have a contract, she cannot assert a claim for unjust enrichment or money had and received. (*See* Op. Br. at 6-7.) Instead, Jones argues that she has properly pled those claims in the alternative. (*See* Resp. Br. at 9-11) Jones is simply wrong.

"Although Fed. R. Civ. P. 8(e)(2) allows [a party] to plead alternative and inconsistent claims, when a party has incorporated allegations of a specific contract into an unjust enrichment claim, courts in this district have granted motions to dismiss those unjust enrichment claims." *Citadel Grp. Ltd. v. Sky Lakes Med. Ctr., Inc.*, No. 06 C 6162, 2008 WL 1924958, at *7 (N.D. Ill. Apr. 30, 2008) (collecting cases); *accord CEO Mktg. Promotions Co. v. Heartland Promotions, Inc.*, 739 F. Supp. 1150, 1152-53 (N.D. Ill. 1990) (Leinenweber, J.) (dismissing unjust enrichment count in which plaintiff specifically incorporated allegation that parties entered into an oral agreement). This is precisely what Jones has done here. In her Complaint Jones expressly incorporates her prior allegations of an express contract into her claims for unjust enrichment and money had and received. (*See* Op. Br. at 6; Compl. ¶ 23 ("Plaintiff contracted with Sears for a 'professional' installation of the Dryer"); ¶ 65 (incorporating "allegations in the preceding paragraphs" into her unjust enrichment claim); ¶ 75 (incorporating "allegations in the preceding paragraphs" into her money had and received claim). Consequently, Jones has not properly pled those claims in the alternative under Rule 8 and her unjust enrichment and money had and received counts should be dismissed.

IV.     __JONES IS NOT ENTITLED TO INJUNCTIVE RELIEF.__

Finally, Jones nowhere in her brief addresses how she has adequately pled a claim for injunctive relief.  As Sears Roebuck demonstrated, her Complaint is deficient because, among other reasons, she has not sufficiently alleged that she has an inadequate remedy at law.  (*See* Op. Br. at 7-8.)  Indeed, as discussed above, in the *Mack* decision, which Jones claims is "dispositive authority," the Southern District of Indiana **denied** the plaintiffs' motion for preliminary injunctive relief.  Judge Hamilton ruled that the plaintiffs could not establish with evidence (let alone their pleadings) many of the elements of an injunction including "irreparable harm" as "[p]laintiffs could avoid any risk of spending less than the federal civil filing fee to replace the existing vent and could then obtain adequate relief at law by a modest award of damages." *Mack*, slip. op. at 2 (Ex. A).  And, as discussed above, Jones now admits that she has an adequate remedy at law – money "sufficient to cover proper installation."  (Resp. Br. at 7.)  Accordingly, Jones's claim for injunctive relief should be dismissed.

## CONCLUSION

For the reasons stated above and in Sears Roebuck's opening brief, plaintiff Jovan Jones has not pled viable claims for breach of contract (Counts I and II), unjust enrichment (Count III), money had and received (Count IV), or injunctive relief (Count V).  Therefore, Sears Roebuck's Motion to Dismiss each one of those counts should be granted.

Dated:  September 8, 2008                    Respectfully submitted,

                                             SEARS, ROEBUCK AND CO.,
                                             *Defendant*


                                             By:____/s/ Mark A. Brand_____
                                                  One of Its Attorneys

                                             Mark A. Brand (ARDC #6197271)
                                             David Z. Smith (ARDC #6256687)

Marina C. Santini (ARDC #6290668)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone:   (312) 207-1000
Facsimile:    (312) 207-6400
mbrand@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 8 2008, I electronically filed the foregoing **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

William Fitzpatrick, williamfitz@netzero.com
**Fitzpatrick & Fitzpatrick**

Matthew R. Wilson, mwilson@dmlaws.com
**David P. Meyer & Associates Co. LPA**

I further caused the foregoing Motion to be served via electronic mail and U.S. Mail upon the following counsel of record who are not registered with the CM/ECF system:

Thomas A. Hargett, tahargett@mhclaw.com
Thomas K. Caldwell, tkcaldwell@mhclaw.com
Timothy J. Kirk, kirktjohn@mhclaw.com
**Maddox Hargett & Caruso**
10100 Lantern Road, Suite 150
Fishers, IN 46037
Tel: (317) 598-2040

Stuart Davidson, SDavidson@csgrr.com
Cullin O'Brien, cobrien@csgrr.com
**Coughlin Stoia Geller Rudman & Robbins LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

_____/s/ Mark A. Brand_____
Mark A. Brand (ARDC #6197271)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Phone: 312.207.1000
Fax: 312.207.6400
mbrand@reedsmith.com

CHILIB-2199631.3

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN and AMANDA MACK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:08-cv-0664-DFH-WTL |
| HH GREGG, INC. and GREGG APPLIANCES, INC., d/b/a HH GREGG, | ) ) ) ) | |
| Defendants. | ) | |

ENTRY ON MOTION FOR PRELIMINARY INJUNCTION

The court considered evidence and argument on plaintiffs' motion for preliminary injunction on August 21, 2008. At the conclusion of the hearing, the court denied the motion for reasons stated on the record. The court briefly summarizes those reasons here, though in the interests of time, the court intends for the transcript of its oral findings and conclusions to comply with the requirements of Rules 52 and 65 of the Federal Rules of Civil Procedure.

First, plaintiffs Ryan and Amanda Mack showed a reasonably likelihood of success on the merits of their breach of contract claim, based on the theory that defendants hhgregg, Inc. and Gregg Appliances, Inc. failed to install the dryer they purchased according to the manufacturer's specifications and warnings

concerning the material used for the dryer vent.  Plaintiffs did not show a likelihood of success on the merits of any other claims.

Second, plaintiffs failed to show that they face an imminent threat of irreparable harm for which there is no adequate remedy at law.  Plaintiffs could avoid any alleged risk by spending less than the federal civil filing fee to replace the existing vent and could then obtain adequate relief at law by a modest award of damages.

Third, plaintiffs' request for an injunction ordering defendants to stop installing dryers with flexible metal foil vents fails for two reasons.  Defendants changed their practices and stopped installing metal foil vents more than a year before this lawsuit was even filed.  In light of this voluntary change of course by defendants themselves, plaintiffs have not shown a reasonable prospect that defendants will return to its earlier practices.  The court sees no need for this form of injunctive relief.  See generally *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (affirming denial of injunctive relief based on possibility that defendant might return to prior practices:  "the moving party must satisfy the court that relief is needed.  The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.").  In addition, this form of injunctive relief would not actually benefit the named plaintiffs, and no class has been certified at this point, as discussed below.

Fourth, plaintiffs' request for an injunction ordering defendants to identify customers who had dryers installed with metal foil vents and to send them notices of potential risks is not moot but fails for two different reasons. Plaintiffs did not present actual, admissible evidence that metal foil vents actually cause fires. Perhaps they will present such evidence in the future, but they have not done so yet. In addition, the Macks do not presently have standing to seek a notice to other customers because such relief will not benefit them. Because no plaintiff class has been certified at this point, "plaintiffs lack standing to seek – and the district court therefore lacks authority to grant – relief that benefits third parties." *McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) (reversing grant of injunctive relief that did not benefit named plaintiff where plaintiff class had not been certified). "A wrong done to plaintiff in the past does not authorize prospective, class-wide relief unless a class has been certified. Why else bother with class actions?" *Id.*, citing *Los Angeles v. Lyons*, 461 U.S. 95 (1983). Plaintiffs' equitable arguments to the effect that such an injunction is needed to protect the safety of persons who fall within the definition of the proposed class do not overcome this basic restriction on the power of courts to make the world a better place.

Accordingly, the court denied plaintiffs' motion for preliminary injunction.

Date: August 21, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Sonia Chanda Das
LEWIS & WAGNER
sdas@lewiswagner.com

Stuart A. Davidson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
sdavidson@csgrr.com

Anthony Marino Eleftheri
LEWIS WAGNER LLP
eleftheri@lewiswagner.com

Paul Jeffrey Geller
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
pgeller@csgrr.com

Thomas A. Hargett
MADDOX HARGETT & CARUSO, PC
tahargett@mhclaw.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

David P. Meyer
DAVID P. MEYER & ASSOCIATES CO., LPA
dmeyer@dmlaws.com

Cullin A. O'Brien
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
cobrien@csgrr.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Matthew Ryan Wilson
DAVID P. MEYER & ASSOCIATES
mwilson@dmlaws.com